UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALEB SCOTT ROSIN,

    Petitioner,

v.

CARMEN PALMER,

    Respondent.
_____/

Case No. 15-cv-14153

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Kaleb Scott Rosin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Rosin is a state prisoner in the custody of the Michigan Department of Corrections pursuant to a second-degree murder conviction, MICH. COMP. LAWS § 750.317. He argues that his conviction was obtained in violation of his constitutional rights because (1) his trial counsel was ineffective for advising him to plead guilty to second-degree murder; and (2) the trial court made unreasonable findings of fact when it denied Rosin's motion to withdraw the plea. Respondent argues that the claims are meritless. For the reasons explained below, the Court will deny the petition [1].

## I. Background

Rosin was charged in Bay County Circuit Court with two counts of open murder. On August 13, 2013, he pleaded no contest to second-degree murder. In exchange for the plea, the prosecution agreed to dismiss all remaining charges against Petitioner. The plea was also subject to an agreement allowed by state law that the Petitioner would be sentenced to fifteen to thirty years imprisonment. *See People v. Cobbs*, 505 N.W.2d 208, 283–84 (Mich. 1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation regarding the appropriate sentence, subject to the defendant's right to withdraw his plea if the imposed sentence exceeded that outlined in the preliminary evaluation). On September 30, 2013, Petitioner was sentenced in accordance with the *Cobbs* agreement. Petitioner filed a motion to withdraw his plea on the ground that counsel's ineffectiveness rendered the plea involuntary. Following a hearing on the motion, the trial court denied the motion. The trial court determined that counsel was not ineffective and that Petitioner knowingly and voluntarily entered the plea.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals arguing that his plea was involuntary because his attorney was ineffective. Specifically, he contended that his attorney was ineffective for advising him that a jury would convict him if he were to proceed to trial. He also maintained that he was entitled to resentencing because the sentencing guidelines were wrongly scored

and counsel was ineffective for not challenging that scoring. The Michigan Court of Appeals denied him leave to appeal. *People v. Rosin*, No. 322663 (Mich. Ct. App. Mar. 31, 2015). The Michigan Supreme Court also denied him leave to appeal. *People v. Rosin*, 861 N.W.2d 13 (Mich. Mar. 31, 2015) (mem).

Petitioner then filed this habeas corpus petition. In the petition, he raises these claims:

> I. The plea advice to plead to second-degree murder constituted ineffective assistance of counsel.
>
> II. Judge Gill made clearly unreasonable findings of fact at the hearing when[,] after the trial[,] he denied the motion to withdraw the plea.

*See* Dkt. No. 1-2.

## II. Legal Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

3

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (internal citations omitted)). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Id.* at 520–21 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a

> substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 103 (*Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). "[A] petitioner may rebut the

presumption of correctness only with clear and convincing evidence." *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998) (citing AEDPA).

## III. Discussion

As Petitioner's arguments are unavailing, the Court will deny his habeas petition.

### A. Ineffective Assistance of Counsel Claim

Rosin's first claim concerns counsel's recommendation that he plead no contest to the second-degree murder charge. Rosin argues that counsel persuaded him to enter the plea based on a mistaken belief that a jury would almost certainly convict him of first-degree murder if he were to proceed to trial. The Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented." 9/16/2014 Order, ECF No. 6-6, at p. 1, Pg. ID 143. The Michigan Court of Appeals' denial of Rosin's claim, despite its brevity, is entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Rosin's claim.

6

The Court answers that question in the affirmative. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, an attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (internal quotation marks and citations omitted).

Second, in guilty plea cases, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the "range of competence" demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985). This inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. A petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

7

to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551–52 (6th Cir. 2003). A petitioner cannot show that he would have proceeded to trial "merely by telling [the court] now that she would have gone to trial then if she had gotten different advice." *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (alteration in original) (internal quotation marks omitted) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)). "The test is objective, not subjective; and thus, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (internal quotation marks omitted) (quoting *Pilla*, 668 F.3d at 373). In making such a determination, "[a] rational person would consider, not just the advantages of proceeding to trial (the prospect of a possible, though unlikely, lighter sentence), but also the disadvantages." *Moore v. United States*, 676 F. App'x 383, 386 (6th Cir. 2017).

In this case, the disadvantages of proceeding to trial were significant. Rosin faced a mandatory life sentence. The trial court, when denying Rosin's motion to withdraw his plea, held that if Rosin had proceeded to trial "there was a significant possibility, if not probability, that the verdict would've been murder one or felony murder." 6/20/2014 Tr., ECF No. 6-5, at p. 10, Pg. ID 130. The trial court concluded that counsel's conduct would have been ineffective had he *not* advised Rosin of the likelihood that he would be convicted of first-degree murder. *Id.* at 16, Pg. ID 136.

8

Rosin has not demonstrated that counsel's assessment of the likelihood of a first-degree murder conviction was unreasonable nor has he shown that the state court unreasonably applied *Strickland* or *Hill* or made a decision contrary to Supreme Court precedent when it held that counsel was not ineffective. The Court, therefore, denies this claim.

B. Trial Court's Findings of Fact

In his second claim, Petitioner argues that the trial judge made clearly unreasonable findings of fact during the plea-withdrawal hearing. Respondent argues that this claim is unexhausted, not cognizable on federal habeas review, and meritless.

A prisoner is required to exhaust his state-court remedies for a claim before presenting that claim in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A). Respondent argues that Petitioner failed to raise this claim in state court. The Court will nevertheless address the merits of this claim because the Court can decide an unexhausted claim where that claim is plainly meritless. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).

Petitioner has not shown that his plea was involuntary or unknowing. "There is no independent federal constitutional right to withdraw a guilty plea that was knowingly and voluntarily entered." *Moon v. Scott*, No. 17–3244, 2017 WL 4083626, at *2 (6th Cir. Aug. 17, 2017) (citing *Carwile v. Smith*, 874 F.2d 382, 385–

9

86 (6th Cir. 1989)). He cannot show a constitutional violation from the denial of his motion to withdraw a voluntary plea. Likewise, because "there is no constitutional requirement that a trial judge inquire into the factual basis of a plea," Petitioner is not entitled to habeas relief based upon the trial court's findings of fact. *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975)); *see also Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now mandates that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). Here, the Court concludes that reasonable jurists would not debate the

conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

**V.  Conclusion**

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**  The Court finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated:  August 16, 2018　　　　　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 16, 2018, by electronic and/or ordinary mail.
　　　　　　　　　　/s/ Tanya Bankston
　　　　　　　　　　　Deputy Clerk

11